1  MEGAN OLESEK (Bar No. 191218)
   megan.olesek@dlapiper.com
2
3  DLA PIPER US LLP
   2000 University Avenue
4  East Palo Alto, CA 94303
   Tel: 650.833.2000
5  Fax: 650.833.2001

6  Attorneys for Plaintiff SILICON LABS
   INTEGRATION, INC., a California corporation
7  (formerly known as Integration Associates
   Incorporated)

ORIGINAL FILED
AUG 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing ADR

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

SILICON LABS INTEGRATION, INC., a California corporation (formerly known as Integration Associates Incorporated),

Plaintiff,

v.

SHMUEL MELMAN, an individual,

Defendant.

CASE NO. C08 04030 HRL

**COMPLAINT FOR DECLARATORY RELIEF (28 U.S.C. §§ 2201-2202) AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**DEMAND FOR JURY TRIAL**

Plaintiff SILICON LABS INTEGRATION, INC., a California corporation (formerly known as Integration Associates Incorporated) ("Plaintiff" or "Integration Associates" or "IA"), alleges as follows against Defendant SHMUEL MELMAN ("Defendant" or "Melman"):

**JURISDICTION & VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) by reason of diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendant has sufficient contacts with this District to make him subject to personal jurisdiction in

-1-

1  this District; and pursuant to 28 U.S.C 1391(d) in that Defendant is an alien who may be sued in
2  any district.

## INTRADISTRICT ASSIGNMENT

3.  Pursuant to Civil L.R. 3-2(c) and (e), assignment of this action to the San Jose division is proper and appropriate, as Plaintiff has a principal place of business in Santa Clara County and events giving rise to this action occurred in Santa Clara County.

## THE PARTIES

4.  Plaintiff SILICON LABS INTEGRATION, INC., is a California corporation (formerly known as Integration Associates Incorporated), with a principal place of business at 100 Pioneer Way, Mountain View, California.

5.  Plaintiff is informed and believes, and based thereon alleges, that Defendant SHMUEL MELMAN is, and at all relevant times was, an individual resident and citizen of the State of Israel, who resides at 64 Pinkas St., Tel-Aviv ISRAEL 62157 and also maintains an office at 12 Kineret St., Airport City, ISRAEL 70151.

## BACKGROUND ALLEGATIONS

6.  Plaintiff designs and manufactures semiconductors for radio frequency, infrared, modem, and power management applications for systems from notebook computers to communications networks. At the time giving rise to the events of this lawsuit through July 29, 2008, Pierre Lamond was a member of the Board of Directors of Plaintiff. At the time giving rise to the events of this lawsuit, Rafael ("Rafi") Fried was a Vice President in the Wireless Division of Plaintiff.

7.  Defendant is the CEO of a company, Crow Electronic Engineering, that manufactures electronic security systems. Crow Electronics Engineering purchases and utilizes the semiconductor products of IA and Silicon Laboratories Inc. ("Silicon Laboratories") in its security systems.

/////
/////

*The Integration Associates Acquisition*

8. On June 24, 2008, Silicon Laboratories Inc. of Austin, Texas publicly announced it had signed a definitive agreement to acquire Plaintiff, then known as Integration Associates, for net $80 million (the "IA Acquisition").

9. On July 29, 2008, Silicon Laboratories Inc. closed the IA Acquisition. After closing, Integration Associates Incorporated became known as Silicon Labs Integration, Inc., a California corporation, a wholly owned subsidiary of Silicon Laboratories Inc.

*Defendant's Demand For Commission Related to IA Acquisition*

10. On or about June 26, 2008, Defendant Melman sent a letter addressed to Pierre Lamond and Rafael Fried of Integration Associates in Mountain View, California. In that letter, Melman asserted that he was entitled to a commission of "five percent of the gross transaction consideration" (or $4,000,000) for efforts he allegedly made related to the IA Acquisition. Melman claimed that through conversations with Rafael Fried at IA, Melman had formed an agreement with Integration Associates to locate an acquirer for IA and be compensated with a commission. Melman claimed that a conference call he had with Silicon Laboratories in which he mentioned IA and its products led to the acquisition and entitled him to such a commission.

11. Integration Associates, through counsel, replied to Mr. Melman's contentions on July 2 and again on July 22, denying his allegations, denying any agreement between IA and Melman related to Silicon Laboratories' acquisition of IA, and denying that Melman acted as an intermediary with respect to the IA Acquisition.

12. In response, on July 15, 2008, Melman asserted, in a letter from counsel, that he had "little choice by to initiate legal action" and that "the allegations and claims that such action will likely include are fraud, breach of contract, bad faith and unjust enrichment and the like."

13. Further, on July 18, 2008, Melman, in a letter from counsel, again stated that intends to assert his rights by taking legal action against IA and asked that IA preserve documents related to the dispute.

/////

/////

14. Defendant Melman has claimed and continues to claim that he is entitled to recover 5% of the value of the IA Acquisition (or at least $4,000,000) as a commission or finder's fee for alleged services he rendered on behalf of IA related to the IA Acquisition.

15. Plaintiff denies that there was an agreement, written or oral, for any compensation to Defendant related to the IA Acquisition.

16. Plaintiff denies that it has any other obligation or liability, contractual or otherwise, to Defendant for any compensation related to the IA Acquisition.

17. Based on this correspondence, an actual case or controversy exists between Plaintiff and Defendant.

*Response to Factual Allegations Made by Melman*

18. Defendant Melman has alleged that the commission or finder's fee obligation on behalf of IA arose out of his conversations and/or emails with Rafi Fried of IA in the Spring of 2008.

19. At that time, Rafi Fried was a Vice President of a division of IA who had interacted with Melman regarding sales of IA semiconductor products to Melman's company, Crow Electronics Engineering.

20. Rafi Fried never agreed, in writing or orally, that Defendant Melman should take any action on behalf of IA to seek a company to acquire IA or that Melman would be compensated by any such actions. Rafi Fried continually emphasized in writing and orally that he did not have authority over any potential acquisition of IA by a third party or discussions regarding such acquisitions.

21. Defendant Melman also asserts that Pierre Lamond of IA in some way agreed to compensate Melman as a broker for a potential acquisition. To the contrary, Lamond affirmatively told Melman, orally and in writing in May 2008, that IA was not interested in involving Melman in any way in IA's acquisition discussions.

22. Contrary to Melman's assertions, Defendant Melman had no involvement in initiating or consummating the transaction between IA and Silicon Laboratories. Instead, Silicon Laboratories had discussions with IA regarding a potential acquisition of IA completely

-4-

independently of Defendant Melman and predating by many months any alleged conversations between Melman and IA related to any alleged "commission." Indeed, Silicon Laboratories had hired an investment banker who had identified IA as a potential acquisition target for Silicon Laboratories as early as March 2007, and Silicon Laboratories delivered a Letter of Intent to IA concerning the potential acquisition of IA no later than March 28, 2008.

23. Defendant Melman has alleged that a conference call with Silicon Laboratories (on or about April 9, 2008) was instrumental in Silicon Laboratories' decision to acquire IA. Notwithstanding that a Letter of Intent already had been made by that point, the conference call was unrelated to Silicon Lab's acquisition discussions with IA. Instead, the conference call in which Melman participated was a fact-finding survey by Silicon Laboratories for product development purposes regarding the short range wireless field, including the various competitors, products, pricing and uses of such technology in the wireless security field (in which Melman operates and has used Silicon Laboratories products), and had nothing to do with the acquisition discussions between Silicon Laboratories and IA.

*Recent Interference with Customers*

24. Since IA denied Melman's demand for compensation, Melman has taken increasingly aggressive actions toward IA, Silicon Laboratories, and their customers. Upon information and belief, Melman has told colleagues in Israel that he planned to call all his contacts in the industry to ensure IA would get no further business. Upon information and belief, Melman has disparaged IA's products to potential customers in the industry in an attempt to damage the reputation of IA and its products, which has caused a loss of goodwill to IA in the industry and market.

25. In one instance, an IA potential customer with a relationship with Melman recently questioned IA in detail about alleged leakage in a product without no such demonstrated defect. Upon information and belief, Melman disparaged IA and its products to this customer in an effort to prevent IA from obtaining further business, and to date, IA has been unable to obtain this business.

/////

-5-

26. In another instance, an IA potential customer (that originally purchased IA products after recommendation from Melman) that had been very interested in an agreement with IA, recently backtracked and expressed concern and questioned IA about alleged problems with the products. Upon information and belief, Melman disparaged IA and its products to this customer in an effort to prevent IA from obtaining further business, and to date, IA has been unable to obtain this business.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief 28 U.S.C. §§ 2201-2202)

27. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 26 of this Complaint.

28. Plaintiff brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201, 2202.

29. An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to payment of a commission or fees for services Defendant allegedly rendered related to the IA Acquisition.

30. Defendant contends that he is entitled to payment of 5% of the gross value of the IA Acquisition as a commission or finder's fee.

31. Plaintiff contends that it has no obligation or liability, contractual or otherwise, to pay Defendant anything related to the IA Acquisition.

32. Plaintiff seeks a judicial determination of its rights and obligations with respect to the existence of any contractual or other obligation between Plaintiff and Defendant related to a commission or finder's fee for services Defendant allegedly rendered related to the IA Acquisition.

33. A judicial determination is necessary and appropriate at this time for each party to ascertain its rights and obligations with respect to the existence of any contractual or other obligation or liability between Plaintiff and Defendant for a commission or finder's fee for services Defendant allegedly rendered related to the IA Acquisition.

/////

34. Considerations of practicality and wise judicial administration favor declaratory relief as the means to settle this controversy. No better or more effective alternative remedy exists.

## SECOND CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage under California Law)**

35. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 26 of this Complaint.

36. An economic relationship exists between Plaintiff and its customers and prospective customers, containing a probable future economic benefit or advantage to Plaintiff, in terms of potential sales and increase in the value of its goodwill in the industry.

37. Defendant is aware of the existence of the economic relationship between Plaintiff and its customers and potential customers.

38. Defendant has intentionally engaged in wrongful conduct designed to interfere with or disrupt Plaintiff's economic relationships and has actually interfered with and disrupted Plaintiff's economic relationships.

39. Defendant's wrongful conduct which was designed to interfere with or disrupt Plaintiff's economic relationships has damaged Plaintiff's goodwill and reputation in the industry.

Wherefore, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant as follows:

1. For a declaration that Plaintiff Integration Associates has no obligation or liability, contractual or otherwise, to Defendant Melman for payment of any compensation related to services allegedly rendered related to the IA Acquisition;

2. For actual damages according to proof at trial for intentional interference with prospective economic advantage;

3. For costs of suit herein incurred; and

/////

/////

4. For such other and further relief as the Court may deem just and proper.

Dated: August 22, 2008.

DLA PIPER US LLP

By /s/ Megan Olesek
MEGAN OLESEK
Attorneys for Plaintiff SILICON LABS INTEGRATION, INC.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable pursuant to Fed. R. Civ. Pro. 38(b) and Civil L.R. 3-6(a).

Dated: August 22, 2008.

DLA PIPER US LLP

By _/s/ Megan Olesek_
MEGAN OLESEK
Attorneys for Plaintiff SILICON LABS INTEGRATION, INC.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Silicon Labs Integration, Inc., a California corporation

## DEFENDANTS
Shmuel Melman, an individual

(b) County of Residence of First Listed Plaintiff: Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Israel
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Megan Olesek (Bar No. 191218)
DLA PIPER US LLP
2000 University Avenue, East Palo Alto, CA 94303
Tel: 650.833.2000  Fax: 650.833.2001

Attorneys (If Known)

C08 04030 ADR E-filing HRL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State. | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [x] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury — Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§2201-2202, 28 U.S.C. §1332
Brief description of cause:
Declaratory relief regarding contract, intentional interference with prospective economic advantage

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE: August 22, 2008
SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com