1   MEGAN OLESEK (Bar No. 191218)
    megan.olesek@dlapiper.com
2
    DLA PIPER US LLP
3   2000 University Avenue
    East Palo Alto, CA 94303
4   Tel: 650.833.2000
    Fax: 650.833.2001
5
    Attorneys for Plaintiff SILICON LABS
6   INTEGRATION, INC., a California corporation
    (formerly known as Integration Associates
7   Incorporated)

8
                      UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN JOSE DIVISION
11

12
    SILICON LABS INTEGRATION, INC., a              **C08    04030    HRL**
13  California corporation (formerly known as
    Integration Associates Incorporated),          **COMPLAINT FOR DECLARATORY
14                                                  RELIEF (28 U.S.C. §§ 2201-2202) AND
                  Plaintiff,                        INTENTIONAL INTERFERENCE WITH
15                                                  PROSPECTIVE ECONOMIC
          v.                                        ADVANTAGE**
16
    SHMUEL MELMAN, an individual,                   **DEMAND FOR JURY TRIAL**
17
                  Defendant.
18

19        Plaintiff SILICON LABS INTEGRATION, INC., a California corporation (formerly

20  known as Integration Associates Incorporated) ("Plaintiff" or "Integration Associates" or "IA"),

21  alleges as follows against Defendant SHMUEL MELMAN ("Defendant" or "Melman"):

22                            **JURISDICTION & VENUE**

23        1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) by reason of

24  diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds,

25  exclusive of interest and costs, the sum of $75,000.

26        2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that a

27  substantial part of the events or omissions giving rise to the claim occurred in this District and

28  Defendant has sufficient contacts with this District to make him subject to personal jurisdiction in

                                          -1-

1    this District; and pursuant to 28 U.S.C 1391(d) in that Defendant is an alien who may be sued in

2    any district.

### INTRADISTRICT ASSIGNMENT

3.    Pursuant to Civil L.R. 3-2(c) and (e), assignment of this action to the San Jose

division is proper and appropriate, as Plaintiff has a principal place of business in Santa Clara

County and events giving rise to this action occurred in Santa Clara County.

### THE PARTIES

4.    Plaintiff SILICON LABS INTEGRATION, INC., is a California corporation

(formerly known as Integration Associates Incorporated), with a principal place of business at

100 Pioneer Way, Mountain View, California.

5.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

SHMUEL MELMAN is, and at all relevant times was, an individual resident and citizen of the

State of Israel, who resides at 64 Pinkas St., Tel-Aviv ISRAEL 62157 and also maintains an

office at 12 Kineret St., Airport City, ISRAEL 70151.

### BACKGROUND ALLEGATIONS

6.    Plaintiff designs and manufactures semiconductors for radio frequency, infrared,

modem, and power management applications for systems from notebook computers to

communications networks. At the time giving rise to the events of this lawsuit through July 29,

2008, Pierre Lamond was a member of the Board of Directors of Plaintiff. At the time giving rise

to the events of this lawsuit, Rafael ("Rafi") Fried was a Vice President in the Wireless Division

of Plaintiff.

7.    Defendant is the CEO of a company, Crow Electronic Engineering, that

manufactures electronic security systems. Crow Electronics Engineering purchases and utilizes

the semiconductor products of IA and Silicon Laboratories Inc. ("Silicon Laboratories") in its

security systems.

/////

/////

-2-

DLA PIPER US LLP    WEST\21498856.2                                    COMPLAINT FOR DECLARATORY RELIEF

*The Integration Associates Acquisition*

8.      On June 24, 2008, Silicon Laboratories Inc. of Austin, Texas publicly announced it had signed a definitive agreement to acquire Plaintiff, then known as Integration Associates, for net $80 million (the "IA Acquisition").

9.      On July 29, 2008, Silicon Laboratories Inc. closed the IA Acquisition.  After closing, Integration Associates Incorporated became known as Silicon Labs Integration, Inc., a California corporation, a wholly owned subsidiary of Silicon Laboratories Inc.

*Defendant's Demand For Commission Related to IA Acquisition*

10.     On or about June 26, 2008, Defendant Melman sent a letter addressed to Pierre Lamond and Rafael Fried of Integration Associates in Mountain View, California.  In that letter, Melman asserted that he was entitled to a commission of "five percent of the gross transaction consideration" (or $4,000,000) for efforts he allegedly made related to the IA Acquisition. Melman claimed that through conversations with Rafael Fried at IA, Melman had formed an agreement with Integration Associates to locate an acquirer for IA and be compensated with a commission.  Melman claimed that a conference call he had with Silicon Laboratories in which he mentioned IA and its products led to the acquisition and entitled him to such a commission.

11.     Integration Associates, through counsel, replied to Mr. Melman's contentions on July 2 and again on July 22, denying his allegations, denying any agreement between IA and Melman related to Silicon Laboratories' acquisition of IA, and denying that Melman acted as an intermediary with respect to the IA Acquisition.

12.     In response, on July 15, 2008, Melman asserted, in a letter from counsel, that he had "little choice by to initiate legal action" and that "the allegations and claims that such action will likely include are fraud, breach of contract, bad faith and unjust enrichment and the like."

13.     Further, on July 18, 2008, Melman, in a letter from counsel, again stated that intends to assert his rights by taking legal action against IA and asked that IA preserve documents related to the dispute.

/////

/////

COMPLAINT FOR DECLARATORY RELIEF

1          14.     Defendant Melman has claimed and continues to claim that he is entitled to

2  recover 5% of the value of the IA Acquisition (or at least $4,000,000) as a commission or finder's

3  fee for alleged services he rendered on behalf of IA related to the IA Acquisition.

4          15.     Plaintiff denies that there was an agreement, written or oral, for any compensation

5  to Defendant related to the IA Acquisition.

6          16.     Plaintiff denies that it has any other obligation or liability, contractual or

7  otherwise, to Defendant for any compensation related to the IA Acquisition.

8          17.     Based on this correspondence, an actual case or controversy exists between

9  Plaintiff and Defendant.

10        *Response to Factual Allegations Made by Melman*

11          18.     Defendant Melman has alleged that the commission or finder's fee obligation on

12  behalf of IA arose out of his conversations and/or emails with Rafi Fried of IA in the Spring of

13  2008.

14          19.     At that time, Rafi Fried was a Vice President of a division of IA who had

15  interacted with Melman regarding sales of IA semiconductor products to Melman's company,

16  Crow Electronics Engineering.

17          20.     Rafi Fried never agreed, in writing or orally, that Defendant Melman should take

18  any action on behalf of IA to seek a company to acquire IA or that Melman would be

19  compensated by any such actions. Rafi Fried continually emphasized in writing and orally that he

20  did not have authority over any potential acquisition of IA by a third party or discussions

21  regarding such acquisitions.

22          21.     Defendant Melman also asserts that Pierre Lamond of IA in some way agreed to

23  compensate Melman as a broker for a potential acquisition. To the contrary, Lamond

24  affirmatively told Melman, orally and in writing in May 2008, that IA was not interested in

25  involving Melman in any way in IA's acquisition discussions.

26          22.     Contrary to Melman's assertions, Defendant Melman had no involvement in

27  initiating or consummating the transaction between IA and Silicon Laboratories. Instead, Silicon

28  Laboratories had discussions with IA regarding a potential acquisition of IA completely

-4-

1   independently of Defendant Melman and predating by many months any alleged conversations

2   between Melman and IA related to any alleged "commission." Indeed, Silicon Laboratories had

3   hired an investment banker who had identified IA as a potential acquisition target for Silicon

4   Laboratories as early as March 2007, and Silicon Laboratories delivered a Letter of Intent to IA

5   concerning the potential acquisition of IA no later than March 28, 2008.

6          23.     Defendant Melman has alleged that a conference call with Silicon Laboratories (on

7   or about April 9, 2008) was instrumental in Silicon Laboratories' decision to acquire IA.

8   Notwithstanding that a Letter of Intent already had been made by that point, the conference call

9   was unrelated to Silicon Lab's acquisition discussions with IA. Instead, the conference call in

10   which Melman participated was a fact-finding survey by Silicon Laboratories for product

11   development purposes regarding the short range wireless field, including the various competitors,

12   products, pricing and uses of such technology in the wireless security field (in which Melman

13   operates and has used Silicon Laboratories products), and had nothing to do with the acquisition

14   discussions between Silicon Laboratories and IA.

15       *Recent Interference with Customers*

16          24.     Since IA denied Melman's demand for compensation, Melman has taken

17   increasingly aggressive actions toward IA, Silicon Laboratories, and their customers. Upon

18   information and belief, Melman has told colleagues in Israel that he planned to call all his

19   contacts in the industry to ensure IA would get no further business. Upon information and belief,

20   Melman has disparaged IA's products to potential customers in the industry in an attempt to

21   damage the reputation of IA and its products, which has caused a loss of goodwill to IA in the

22   industry and market.

23          25.     In one instance, an IA potential customer with a relationship with Melman recently

24   questioned IA in detail about alleged leakage in a product without no such demonstrated defect.

25   Upon information and belief, Melman disparaged IA and its products to this customer in an effort

26   to prevent IA from obtaining further business, and to date, IA has been unable to obtain this

27   business.

28   /////

DLA PIPER US LLP   WEST\21498856.2                      COMPLAINT FOR DECLARATORY RELIEF

26.    In another instance, an IA potential customer (that originally purchased IA products after recommendation from Melman) that had been very interested in an agreement with IA, recently backtracked and expressed concern and questioned IA about alleged problems with the products. Upon information and belief, Melman disparaged IA and its products to this customer in an effort to prevent IA from obtaining further business, and to date, IA has been unable to obtain this business.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief 28 U.S.C. §§ 2201-2202)

27.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 26 of this Complaint.

28.    Plaintiff brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201, 2202.

29.    An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to payment of a commission or fees for services Defendant allegedly rendered related to the IA Acquisition.

30.    Defendant contends that he is entitled to payment of 5% of the gross value of the IA Acquisition as a commission or finder's fee.

31.    Plaintiff contends that it has no obligation or liability, contractual or otherwise, to pay Defendant anything related to the IA Acquisition.

32.    Plaintiff seeks a judicial determination of its rights and obligations with respect to the existence of any contractual or other obligation between Plaintiff and Defendant related to a commission or finder's fee for services Defendant allegedly rendered related to the IA Acquisition.

33.    A judicial determination is necessary and appropriate at this time for each party to ascertain its rights and obligations with respect to the existence of any contractual or other obligation or liability between Plaintiff and Defendant for a commission or finder's fee for services Defendant allegedly rendered related to the IA Acquisition.

/////

DLA PIPER US LLP    WEST\21498856.2                                        COMPLAINT FOR DECLARATORY RELIEF

1    34.    Considerations of practicality and wise judicial administration favor declaratory

2    relief as the means to settle this controversy.  No better or more effective alternative remedy

3    exists.

4    ## SECOND CLAIM FOR RELIEF

5    ## (Intentional Interference with Prospective Economic Advantage under California Law)

6    35.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein

7    each and every allegation contained in paragraphs 1 through 26 of this Complaint.

8    36.    An economic relationship exists between Plaintiff and its customers and

9    prospective customers, containing a probable future economic benefit or advantage to Plaintiff, in

10   terms of potential sales and increase in the value of its goodwill in the industry.

11   37.    Defendant is aware of the existence of the economic relationship between Plaintiff

12   and its customers and potential customers.

13   38.    Defendant has intentionally engaged in wrongful conduct designed to interfere

14   with or disrupt Plaintiff's economic relationships and has actually interfered with and disrupted

15   Plaintiff's economic relationships.

16   39.    Defendant's wrongful conduct which was designed to interfere with or disrupt

17   Plaintiff's economic relationships has damaged Plaintiff's goodwill and reputation in the industry.

18   Wherefore, Plaintiff prays for relief as set forth below.

19   ## PRAYER FOR RELIEF

20   Plaintiff prays for judgment against Defendant as follows:

21   1.    For a declaration that Plaintiff Integration Associates has no obligation or liability,

22   contractual or otherwise, to Defendant Melman for payment of any compensation related to

23   services allegedly rendered related to the IA Acquisition;

24   2.    For actual damages according to proof at trial for intentional interference with

25   prospective economic advantage;

26   3.    For costs of suit herein incurred; and

27   /////

28   /////

-7-

1    4.    For such other and further relief as the Court may deem just and proper.

2

Dated:  August 22, 2008.                    DLA PIPER US LLP

3

4                                           By _____

5                                               MEGAN OLESEK
                                                Attorneys for Plaintiff SILICON LABS
6                                               INTEGRATION, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable pursuant to Fed. R. Civ. Pro. 38(b) and Civil L.R. 3-6(a).

Dated:  August 22, 2008.                              DLA PIPER US LLP

By
MEGAN OLESEK
Attorneys for Plaintiff SILICON LABS
INTEGRATION, INC.

DLA PIPER US LLP

WEST\21498856.2

-9-

COMPLAINT FOR DECLARATORY RELIEF