1
2
3
4                                              **E-FILED on** _3/8/10_____
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                             SAN JOSE DIVISION
11
12   SILICON LABS INTEGRATION, INC., a          No. C-08-04030- RMW
     California corporation (formerly known as
13   Integration Associates Incorporated),
14              Plaintiff,                       ORDER DENYING DEFENDANT'S
                                                 MOTION TO DISMISS
15      v.
16   SHMUEL MELMAN,                              **[Re Docket No. 57]**
17              Defendant.
18
19
20          Plaintiff Silicon Labs Integration, Inc. ("SLI") filed its initial complaint on August 22, 2008
21   against Shmuel Melman ("Melman") asserting causes of action for declaratory relief and intentional
22   interference with prospective economic advantage.  On November 6, 2008, Melman moved to
23   dismiss plaintiff's claim for interference on the basis that plaintiff's complaint failed to state a claim
24   upon which relief could be granted.  On July 9, 2009, this court granted defendant's motion to
25   dismiss with leave to amend.  Plaintiff filed its amended complaint on July 29, 2009.  Melman now
26   seeks by motion filed August 17, 2009 to dismiss the second claim for relief (intentional interference
27   with prospective business advantage) in plaintiff's amended complaint.  The court has read the
28

moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court denies defendant's motion to dismiss.

# I. BACKGROUND

Plaintiff SLI is a California corporation that designs and manufactures semiconductors for radio frequency, infrared, modem, and power management applications. Before the events that form the basis for this suit, SLI was known as Integration Associates ("IA"). Defendant Melman is an Israeli citizen, resident of Tel Aviv and the Chief Executive Officer of Crow Electronic Engineering ("Crow"), an Israeli corporation that manufactures electronic security systems. In its manufacturing of security systems, Crow purchased and utilized semiconductor products from both IA and Silicon Labs, Inc. ("Silicon Labs"). On June 24, 2008, Silicon Labs announced the acquisition of IA for $80 million. Following the acquisition the merged companies became known as SLI. At issue in this case is whether a brokerage or finder's commission agreement existed between IA and Melman. Melman claims that IA agreed to compensate him for finding a suitable company to acquire IA. Melman further claims that he met with representatives from Silicon Labs in Israel in March of 2008, and encouraged Silicon Labs to consider acquiring IA and its technology. Following Silicon Labs's acquisition of IA, Melman contacted SLI to discuss the commission to which he believes he is entitled. However, the SLI disputes his entitlement to any commission or compensation and claims that after its refusal to pay, Melman retaliated by wrongfully interfering with SLI's economic relationship with its customers.

In its amended complaint, SLI requests a declaration that it has no obligation, or liability, contractual or otherwise, to defendant Melman. It also seeks damages from Melman for allegedly interfering with SLI 's prospective economic advantage with its customers.

# II. ANALYSIS

## A. Legal Standard

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. In evaluating a motion to dismiss under Rule 12(b)(6), the court must consider whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal under

Rule 12(b)(6) is proper when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In a Rule 12(b)(6) motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). However, it is not proper for the court to assume that the plaintiff can prove facts which he or she has not alleged. *Associated General Contractors v. California State Council*, 459 U.S. 519, 526 (1983). Unwarranted "inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Verifone Sec. Lit.*, 11 F.3d 865, 868 (9th Cir. 1993).

### B. Intentional Interference with Economic Advantage

Melman submits that SLI's second count for intentional interference with economic advantage does not state claim for relief. The tort of intentional interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition. *Settimo Associates v. Environ Systems, Inc*. 14 Cal. App. 4th 842, 845 (1993). The elements of the tort are: (1) an economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by the defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to the plaintiff proximately caused by the acts of the defendant. *Rickards v. Canine Eye Registration Foundation, Inc*., 704 F.2d 1449, 1456 (9th Cir. 1983). For the third element, the plaintiff must plead that the defendant's acts were wrongful apart from the interference itself. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003).

SLI's claim for intentional interference in its original complaint contained generalized legal and factual conclusions that simply tracked the elements of the tort but provided no specific factual basis for its claim. Defendant's current motion asserts that plaintiff's amended complaint fails to cure the defects. Specifically, defendant contends SLI fails to adequately allege the requisite (i) prospective economic relationship, (ii) proximate causation, and (iii) underlying wrongful act by

Melman to support its interference claim. The court addresses the allegedly inadequately pled elements in the order the order they are discussed in defendant's moving papers.

### 1. Prospective Economic Relationship

Defendant begins with the first prong of the tort and asserts that plaintiff fails to adequately allege the disruption of an existing business relationship. In a claim for interference with prospective economic advantage, the "law precludes recovery for overly speculative expectancies by initially requiring proof of a business relationship with the probability of future economic relationship." *Westside Center Associates v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 522 (5th Dist. 1996). This requirement that the plaintiff plead and prove that a business relationship contained the probability of future economic benefit precludes application to hypothetical relationships not developed at the time of the allegedly tortious acts. *Roth v. Rhodes*, 25 Cal. App. 4th 530, 546 (4th Dist. 1994). In order to state a claim, SLI must allege that it had a relationship with and expected to receive an economic benefit from a specific third party. *Lin v. Universal Card Services Corp.*, 238 F. Supp. 2d 1147, 1150 (N.D. 2002).

Defendant contends that plaintiff's complaint only refers to relationships with speculative future customers. To the extent plaintiff alleges interference with hypothetical, "potential," or "prospective" relationships, the claim is not cognizable under California law. *Westside,* 42 Cal. App. 4th at 522. However, plaintiff in its amended pleading makes specific references to potential customers with which it had previous sales relationships. SLI asserts that it was engaged in business discussions with Telematics Wireless, Ltd. ("Telematics") and Inovonics Wireless Corporation ("Inovonics") and that Melman specifically targeted plaintiff's relationships with those companies. FAC ¶¶ 26-28. Plaintiff further alleges that after Melman's interference, "[c]ommunications and negotiations between IA and Telematics were unsuccessful" (*id*. at ¶ 27) and that Inovonics' "tone and approach to its agreement with IA changed drastically" (*id*. at ¶ 28). Plaintiff makes reference to the dates of sales discussions and negotiations and identifies a specific product discussed with Telematics. *Id.* at ¶¶ 27-28. Therefore, plaintiff has alleged adequate facts to sufficiently plead an existing economic relationship with Telematics and Inovonics as potential customers in the industry.

1          **2.     Proximate Cause**

2          Defendant asserts that plaintiff's claim fails to adequately show that injuries were

3   proximately caused by Melman's actions.  According to defendant, the facts as pled in the complaint

4   are consistent with lawful conduct "free of any unlawful interference."  Mot. at 9.  Defendant asserts

5   that it is just as plausible that SLI's business relations with Inovonics and Telematics deteriorated as

6   a result of SLI's defective products.  However, on a motion to dismiss, all inferences are drawn in

7   favor of plaintiff.  *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  According to the

8   amended complaint Melman had a personal relationship with high-level personnel at Telematics and

9   IA was engaged in sales discussions with both Telematics and Inovonics at the time the plaintiff's

10  relationships with the two companies began to fall apart.  FAC ¶¶ 27, 28.  Plaintiff asserts that

11  Melman's conduct frustrated sales relations with Inovonics, Telematics, and other companies in the

12  industry.  *Id.* at ¶ 29.  According to the facts alleged in the complaint SLI lost sales as a result of

13  defendant's interference.  *Id.*  Plaintiff's allegations adequately assert damages proximately caused

14  by Melman's alleged interference.

15         **3.     Intentional Act**

16         A claim for intentional interference with prospective economic advantage must allege an act

17  that is intentional, designed to disrupt the relationship and that is wrongful independent of the

18  interference itself.  *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392-93 (1995).

19  Defendant asserts plaintiff's complaint fails to meet this pleading requirement because plaintiff's

20  allegations are not independently actionable.  In *Della Penna*, the California Supreme Court upheld

21  a jury instruction for intentional interference with prospective economic advantage requiring a

22  "wrongful" act.  *Id.*  The court emphasized the difference between interference with an existing

23  contract and interference with prospective economic relations.  *Id.*  Under *Della Penna* courts should

24  "firmly distinguish the two kinds of business contexts" giving greater solicitude to those

25  relationships that blossom into agreements and those in which the risks of competition are dominant.

26  *Id.*  Plaintiff must show "by some measure beyond the fact of the interference itself" that there was

27  intentional interference with prospective economic advantage.  *Id.*

28

California's requirement of an act that is independently wrongful to establish interference protects the liberty of competitive forces where no contract yet exists with which to be interfered. *Id.* at 392. But when competitive forces rise to the level of "unlawful," a claim for intentional interference with prospective economic advantage may be made. *Id.* Defendant attacks SLI's allegations claiming they are not independently wrongful and therefore cannot support a claim of interference with prospective economic advantage.

In *Korea Supply*, the California Supreme Court provided guidance as to what constitutes an independently wrongful act. 29 Cal. 4th at 1153. There, a company representing a military equipment manufacturer sued its client's competitor for ruining the client's chances of winning a contract bid by allegedly soliciting a potential customer with bribes and sexual favors. *Id.* at 1141-42. The complaint raised a claim for intentional interference with prospective economic advantage. *Id.* at 1142. The California Supreme Court held that the "independently wrongful act" requirement was satisfied by the allegation of acts of solicitation pleaded by plaintiff which were unlawful under the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2. Such acts were, therefore, "wrongful in and of themselves." *Id.* at 1159. The court stated that "an act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.*

In the instant case, plaintiff's allegations of wrongful interfering acts marginally satisfy pleading requirements. Plaintiff's only allegation of a specific wrongful act involves Melman's knowingly false statement to Telematics that IA's product IA4432 leaked. FAC ¶ 27. However, this allegation of product disparagement is sufficient to meet the required element of an independently wrongful act. Therefore, even if, as defendant claims, Melman's alleged breach of confidence does not qualify as an independently wrongful act, plaintiff has sufficiently pled a wrongful interfering act.[1]

Defendant asserts that the product leakage allegations were not "injurious falsehoods" but rather were "truthful statements" about the quality of IA's products. Mot. at 12. Defendant points to

---

[1]    SLI claims that Melman breached a confidential relationship IA had with his company, Crow, and disclosed confidential IA information to Telematics and Inovonics.

the amended complaint where plaintiff admits its products leaked. However, the complaint does not admit leakage with the scope that defendant asserts. The complaint states product "IA4432 had never demonstrated any such defect." FAC ¶ 27. Although other products may have leaked, plaintiff never admitted leakage from IA4432, the product about which plaintiff asserts Melman lied. In this way, defendant misconstrues plaintiff's admissions in its motion.

### C. Conclusion

SLI adequately pleads facts which show "economic relationships" with at least Telematics and Inovonics. SLI alleges facts that state that defendant interfered with those relationships by disparaging products and that defendant's interference proximately caused SLI to suffer damages. Whether SLI can prove what it has alleged, of course, is a different question but not the one addressed by a motion to dismiss.

### III. ORDER

Defendant's motion to dismiss the second claim for relief in plaintiff's amended complaint is denied.

DATED:      3/8/10

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

**Helen Scharf Rakove**
Email: hsr@hogefenton.com

**Jennifer Anne Lloyd**
Email: jenny.lloyd@dlapiper.com

**Shella Deen**
Email: sd@hogefenton.com

**William J. Frimel**
Email: bill@hsfllp.com


**Counsel for Defendants**:

**Amanda Marie Knudsen**
Email: aknudsen@manatt.com

**Christopher L. Wanger**
Email: cwanger@manatt.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.


**Dated:**    3/8/10                                   TER
                                        **Chambers of Judge Whyte**