E-FILED on  3/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SILICON LABS INTEGRATION, INC., a California corporation (formerly known as Integration Associates Incorporated),<br><br>Plaintiff,<br><br>v.<br><br>SHMUEL MELMAN,<br><br>Defendant. | No. C-08-04030- RMW<br><br>ORDER DENYING APPLICATION TO SUBMIT DECLARATION *IN CAMERA* AND DEFERRING RULING ON DEFENDANT'S MOTION FOR SANCTIONS<br>**[Re Docket No. 61, 68]** |
|---|---|

Defendant Shmuel Melman's ("Melman") motion for sanctions pursuant to Rule 11 and defendant's motion to file an opposing declaration under seal came on for hearing before the court on November 6, 2009. The court hereby denies the motion to file the declaration under seal and defers ruling on the motion for sanctions.

On July 29, 2009 plaintiff filed its First Amended Complaint ("FAC"). On September 21, 2009, defendant moved for sanctions against plaintiff in the form of dismissal of SLI's FAC and for fees in the amount of $15,000. Defendant asserts that SLI violated Rule 11 of the Federal Rules of Civil Procedure by: (1) filing with the court, under the signature of its counsel, a FAC that includes

ORDER DENYING APPLICATION TO SUBMIT DECLARATION *IN CAMERA* AND DEFERRING RULING ON DEFENDANT'S MOTION FOR SANCTIONS C-08-04030

an interference claim that has no evidentiary support and was filed without undertaking a reasonable inquiry sufficient to form a belief that the claim was viable; and (2) pursuing the claim after being put on notice of its lack of evidentiary support.

The background facts are well known to the parties and will not be repeated here.

As noted above, in response to defendant's motion for sanctions, plaintiff sought to submit *in camera* a declaration that apparently provides an account of the witnesses interviewed and documents collected and reviewed in the investigation of plaintiff's claim for interference with prospective economic advantage. The court denies the request as plaintiff has failed to persuade the court that an *in camera* submission is necessary or appropriate. Plaintiff should be able to justify its factual basis for a viable claim without violating the attorney-client privilege or the work product doctrine. The court hereby gives plaintiff fifteen days to either file a declaration not under seal in support of its opposition or to rely on its papers filed in opposition to the motion for sanctions other than the declaration of Jennifer Lloyd which it sought to file under seal. Defendant is given ten days after service of any additional declaration by plaintiff's counsel in which to reply further to plaintiff's opposition if he wishes.

DATED: 3/8/10

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING APPLICATION TO SUBMIT DECLARATION *IN CAMERA* AND DEFERRING RULING ON DEFENDANT'S MOTION FOR SANCTIONS C-08-04030

2

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

**Helen Scharf Rakove**
Email: hsr@hogefenton.com

**Jennifer Anne Lloyd**
Email: jenny.lloyd@dlapiper.com

**Shella Deen**
Email: sd@hogefenton.com

**William J. Frimel**
Email: bill@hsfllp.com

**Counsel for Defendants**:

**Amanda Marie Knudsen**
Email: aknudsen@manatt.com

**Christopher L. Wanger**
Email: cwanger@manatt.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   3/8/10                              TER
                                    **Chambers of Judge Whyte**

ORDER DENYING APPLICATION TO SUBMIT DECLARATION *IN CAMERA* AND DEFERRING RULING ON DEFENDANT'S MOTION FOR SANCTIONS C-08-04030