**\*E-FILED 10-25-2010\***

1   SHELLA DEEN -- BAR NO. 149735
    HELEN S. RAKOVE -- BAR NO. 104803
2   CATOSHA L. WOODS – BAR NO. 228640
    HOGE, FENTON, JONES & APPEL, INC.
3   Sixty South Market Street, Suite 1400
    San Jose, California 95113-2396
4   Phone: (408) 287-9501
    Fax: (408) 287-2583
5

6   Attorneys for Plaintiff and Counterdefendant
    SILICON LABS INTEGRATION, INC.,
7   a California corporation (formerly known
    as Integration Associates Incorporated)
8

9   CHARLES B. MANUEL, JR. – NEW YORK BAR NO. 1016237
    Manuel & Associates
    One Penn Plaza, Suite 2527
10  New York, New York  10119
    Phone: (212) 792-0044
11  Fax:  (212) 792-0043
12

13  RICHARD B. VAUGHT -- BAR NO.  112155
    Law Offices of Richard B. Vaught
    111 West St. John Street, Suite 500
14  San Jose, CA  95113
    Phone:  (408) 275-8523
15  Fax: (408) 288-5191

16  Attorneys for Defendant and Counterclaimant
    SHMUEL MELMAN
17

18              UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20                    SAN JOSE DIVISION

21

22  SILICON LABS INTEGRATION, INC., a      No. C-08-04030-RMW
    California corporation (formerly known
23  as Integration Associates Incorporated),   STIPULATED PROTECTIVE ORDER FOR
                                            LITIGATION INVOLVING HIGHLY
24          Plaintiff,                      SENSITIVE CONFIDENTIAL INFORMATION
                                            AND/OR TRADE SECRETS
25      vs.

26  SHMUEL MELMAN, an individual,          **(MODIFIED BY THE COURT)**

27          Defendant.

28  AND RELATED COUNTERCLAIM

-1-

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

-2-

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items :  extremely sensitive "Confidential Information or Items,"  disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party.  Outside Counsel of Record includes the two Israeli law firms that are involved in a lawsuit pending in Israel (District Court of Israel-Central District, Civil File No. 3989-09-08), namely, Caspi & Co., counsel for Shmuel Melman; and Meitar Liquornik Geva & Leshem Brandwein & Co., counsel for Silicon Labs Integration, Inc; DLA Piper, former counsel for Silicon Labs Integration, Inc.; and Manatt, Phelps & Phillips, former counsel for Shumel Melmen.  Each person that is given access to documents designated "Highly Confidential – Attorneys' Eyes Only" must sign the "Acknowledgment and Agreement to Be Bound" which is attached as Exhibit A to this Stipulated Protective Order prior to reviewing any of the documents.

2.12    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   support staffs).

2       2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

3   Material in this action.

4       2.14   Professional Vendors:  persons or entities that provide litigation support

5   services (e.g., photocopying, videotaping, translating, preparing exhibits or

6   demonstrations, and organizing, storing, or retrieving data in any form or medium) and

7   their employees and subcontractors.

8       2.15   Protected Material:  any Disclosure or Discovery Material that is designated

9   as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10      2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from

11  a Producing Party.

12   3.  SCOPE

13      The protections conferred by this Stipulation and Order cover not only Protected

14  Material (as defined above), but also (1) any information copied or extracted from

15  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

16  Material; and (3) any testimony, conversations, or presentations by Parties or their

17  Counsel that might reveal Protected Material.  However, the protections conferred by this

18  Stipulation and Order do not cover the following information:  (a) any information that is in

19  the public domain at the time of disclosure to a Receiving Party or becomes part of the

20  public domain after its disclosure to a Receiving Party as a result of publication not

21  involving a violation of this Order, including becoming part of the public record through trial

22  or otherwise; and (b) any information known to the Receiving Party prior to the disclosure

23  or obtained by the Receiving Party after the disclosure from a source who obtained the

24  information lawfully and under no obligation of confidentially to the Designating Party.  Any

25  use of Protected Material at trial shall be governed by a separate agreement or order.

26   4.  DURATION

27      Even after final disposition of this litigation, the confidentially obligations imposed by

28  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

-4-

1    court order otherwise directs.  Final disposition shall be deemed to be the later of (1)

2    dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

3    judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

4    trials, or reviews of this action, including the time limits for filing any motions or

5    applications for extension of time pursuant to applicable law. **For a period of six months after the**

**final disposition of this action, this court will retain jurisdiction to enforce the terms of**

6    5.  DESIGNATING OF PROTECTED MATERIAL                  **this order.**

7         5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each

8    Party or Non-Party that designates information or items for protection under this Order

9    must take care to limit any such designation to specific material that qualifies under the

10    appropriate standards.  To the extent it is practical to do so, the Designating Party must

11    designate for protection only those parts of material, documents, items, or oral or written

12    communications that qualify – so that other portions of the material, documents, items, or

13    communications for which protection is not warranted are not swept unjustifiably within the

14    ambit of this Order.

15         Mass, indiscriminate, or routinized designations are prohibited.  Designations that

16    are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

17    to unnecessarily encumber or retard the case development process or to impose

18    unnecessary expenses and burdens on other parties) expose the Designating Party to

19    sanctions.

20         If it comes to a Designating Party's attention that information or items that it

21    designated for protection do not qualify for protection at all or do not qualify for the level of

22    protection initially asserted, that Designating Party must promptly notify all other parties

23    that it is withdrawing the mistaken designation.

24         5.2    Manner and Timing of Designations:  Except as otherwise provided in this

25    Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

26    ordered, Disclosure or Discovery Material that qualifies for protection under this Order

27    must be clearly so designated before the material is disclosed or produced

28         Designation in conformity with this Order requires:

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1        (a)     for information in documentary form (e.g., paper or electronic

2  documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

3  that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

4  – ATTORNEYS' EYES ONLY" to each page that contains protected  material.  If only a

5  portion or portions of the material on a page qualifies for protection, the Producing Party

6  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

7  the margins) and must specify, for each portion, the level of protection being asserted.

8        A Party or Non-Party that makes original documents or materials available for

9  inspection need not designate them for protection until after the inspecting Party has

10  indicated which material it would like copied and produced.  During the inspection and

11  before the designation, all of the material made available for inspection shall be deemed

12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has

13  identified the documents it wants copied and produced, the Producing Party must

14  determine which documents, or portions thereof, qualify for protection under this Order.

15  Then, before producing the specified documents, the Producing Party must affix the

16  appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

17  EYES ONLY) to each page that contains Protected Material.  If only a portion or portions

18  of the material on a page qualifies for protection, the Producing Party also must clearly

19  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

20  must specify, for each portion, the level of protection being asserted.

21        (b)     for testimony given in deposition or in other pretrial or trial

22  proceedings, that the Designating Party identify on the record, before the close of the

23  deposition, hearing, or other proceeding, all protected testimony and specify the level of

24  protection being asserted.  When it is impractical to identify separately each portion of

25  testimony that is entitled to protection and it appears that substantial portions of the

26  testimony may qualify for protection, the Designating Party may invoke on the record

27  (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21

28  days to identify the specific portions of the testimony as to which protection is sought and

1  to specify the level of protection being asserted.  Only those portions of the testimony that

2  are appropriately designated for protection within the 21 days shall be covered by the

3  provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may

4  specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

5  that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY".

7           Parties shall give the other parties notice if they reasonably expect a

8  deposition, hearing or other proceeding to include Protected Material so that the other

9  parties can ensure that only authorized individuals who have signed the "Acknowledgment

10  and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a

11  document as an exhibit at a deposition shall not in any way affect its designation as

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13           Transcripts containing Protected Material shall have an obvious legend on

14  the title page that the transcript contains Protected Material, and the title page shall be

15  followed by a list of all pages (including line numbers as appropriate) that have been

16  designated as Protected Material and the level of protection being asserted by the

17  Designating Party.  The Designating Party shall inform the court reporter of these

18  requirements.  Any transcript that is prepared before the expiration of a 21-day period for

19  designation shall be treated during that period as if it had been designated as "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.

21  After the expiration of that period, the transcript shall be treated only as actually

22  designated.

23           (c)   for information produced in some form other than documentary and for

24  any other tangible item, that the Producing Party affix in a prominent place on the exterior

25  of the container or containers in which the information or item is stored the legend

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a

27  portion or portions of the information or item warrant protection, the Producing Party, to

28  the extent practicable, shall identify the protected portion(s) and specify the level of

-7-

1 protection being asserted.

2     5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

3 to designate qualified information or items does not, standing alone, waive the

4 Designating Party's right to secure protection under this Order for such material.  Upon

5 timely correction of a designation, the Receiving Party must make reasonable efforts to

6 assure that the material is treated in accordance with the provisions of this Order.

7   6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

8     6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation

9 of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

10 confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

11 unnecessary economic burdens, or a significant disruption or delay of the litigation, a

12 Party does not waive its right to challenge a confidentiality designation by electing not to

13 mount a challenge promptly after the original designation is disclosed.

14     6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

15 process by providing written notice of each designation it is challenging and describing the

16 basis for each challenge.  To avoid ambiguity as to whether a challenge has been made,

17 the written notice must recite that the challenge to confidentiality is being made in

18 accordance with this specific paragraph of the Protective Order.  The parties shall attempt

19 to resolve each challenge in good faith and must begin the process by conferring directly

20 (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days

21 of the date of service of notice.  In conferring, the Challenging Party must explain the

22 basis for its belief that the confidentiality designation was not proper and must give the

23 Designating Party an opportunity to review the designated material, to reconsider the

24 circumstances, and, if no change in designation is offered, to explain the basis for the

25 chosen designation.  A Challenging Party may proceed to the next stage of the challenge

26 process only if it has engaged in this meet and confer process first or establishes that the

27 Designating Party is unwilling to participate in the meet and confer process in a timely

28 manner.

-8-

6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging the confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions

1   described in this Order.  When litigation has been terminated, a Receiving Party must

2   comply with the provisions of section 13 below (FINAL DISPOSITION).

3           Protected Material must be stored and maintained by a Receiving Party at a

4   location and in a secure manner that ensures that access is limited to the persons

5   authorized under this Order.

6       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

7   ordered by the court or permitted in writing by the Designating Party, a Receiving Party

8   may disclose any information or item designated "CONFIDENTIAL" only to:

9           (a)    the Receiving Party's Outside Counsel of Record in this action, as well

10  as employees of said Outside Counsel of Record to whom it is reasonably necessary to

11  disclose the information for this litigation and who have signed the "Acknowledgment and

12  Agreement to Be Bound" that is attached hereto as Exhibit A;

13          (b)    the officers, directors, employees, and up to two (2) assistants

14  (including House Counsel) of the Receiving Party to whom disclosure is reasonably

15  necessary for this litigation and who have signed the "Acknowledgment and Agreement to

16  Be Bound" (Exhibit A);

17          (c)    Experts (as defined in this Order) of the Receiving Party to whom

18  disclosure is reasonably necessary for this litigation and who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20          (d)    The court and its personnel;

21          (e)    court reporters and their staff, professional jury or trial consultants, and

22  Professional Vendors to whom disclosure is reasonably necessary for this litigation and

23  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24          (f)    during their deposition, witnesses in this action to whom disclosure is

25  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

26  Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

27  court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal

28  Protected Material must be separately bound by the court reporter and may not be

1   disclosed to anyone except as permitted under this Stipulated Protective Order.

2   (g)   the author or recipient of a document containing the information or a

3   custodian or other person who otherwise possessed or knew the information.

4   7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

5   Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

6   Designating Party, a Receiving Party may disclose any information or item designated

7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

8   (a)   the Receiving Party's Outside Counsel of Record in this action, as well

9   as employees of said Outside Counsel of Record to whom it is reasonably necessary to

10  disclose the information for this litigation and who have signed the "Acknowledgment and

11  Agreement to Be Bound" that is attached hereto as Exhibit A;

12  (b)   Designated House Counsel of the Receiving Party (1) who has no

13  involvement in competitive decision-making, (2) to whom disclosure is reasonably

14  necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to

15  Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1),

16  below, have been followed];

17  (c)   Experts of the Receiving Party (1) to whom disclosure is reasonably

18  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to

19  Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2),

20  below, have been followed.

21  (d)   the court and its personnel;

22  (e)   court reporters and their staff, professional jury or trial consultants, and

23  Professional Vendors to whom disclosure is reasonably necessary for this litigation and

24  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

25  (f)   the author or recipient of a document containing the information or a

26  custodian or other person who otherwise possessed or knew the information.

27  7.4   Procedures for Approving or Objecting to Disclose of "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House

1     <u>Counsel or Experts</u>.

2            (a)(1)  Unless otherwise ordered by the court or agreed to in writing by the

3 Designating Party, a Party that seeks to disclose to Designated House Counsel any

4 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

5 EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the

6 Designating Party that (1) sets forth the full name of the Designated House Counsel and

7 the city and state of his or her residence, and (2) describes the Designated House

8 Counsel's current and reasonably foreseeable future primary job duties and responsibilities

9 in sufficient detail to determine if House Counsel is involved, or may become involved, in

10 any competitive decision-making.

11            (a)(2)  Unless otherwise ordered by the court or agreed to in writing by the

12 Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

13 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

14 EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the

15 Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

16 ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to

17 disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his

18 or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies

19 the Expert's current employer(s), (5) identifies each person or entity from whom the Expert

20 has received compensation or funding for work in his or her areas of expertise or to whom

21 the expert has provided professional services, including in connection with a litigation, at

22 any time during the preceding five years, (If the Expert believes any of this information is

23 subject to a confidentiality obligation to a third-party, then the Expert should provide

24 whatever information the Expert believes can be disclosed without violating any

25 confidentiality agreements, and the Party seeking to disclose to the Expert shall be

26 available to meet and confer with the Designating Party regarding such engagement), and

27 (6) identifies (by name and number of the case, filing date, and location of court) any

28 litigation in connection with which the Expert has offered expert testimony, including

1   through a declaration, report, or testimony at deposition or trial, during the preceding five

2   years.

3           (b)     A Party that makes a request and provides the information specified in

4   the preceding respective paragraphs may disclose the subject Protected Material to the

5   identified Designated House Counsel or Expert unless, within 14 days of delivering the

6   request, the Party receives a written objection from the Designating Party.  Any such

7   objection must set forth in detail the grounds on which it is based.

8           (c)     A Party that receives a timely written objection must meet and confer

9   with the Designating Party (through direct voice to voice dialogue) to try to resolve the

10  matter by agreement within seven days of the written objection.  If no agreement is

11  reached, the Party seeking to make the disclosure to Designated House Counsel or the

12  Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil

13  Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such

14  motion must describe the circumstances with specificity, set forth in detail the reasons why

15  the disclosure to Designated House Counsel or the Expert is reasonably necessary,

16  assess the risk of harm that the disclosure would entail, and suggest any additional means

17  that could be used to reduce that risk.  In addition, any such motion must be accompanied

18  by a competent declaration describing the parties' efforts to resolve the matter by

19  agreement (i.e., the extent and content of the meet and confer discussions) and setting

20  forth the reasons advanced by the Designating Party for its refusal to approve the

21  disclosure.

22          In any such proceeding, the Party opposing disclosure to Designated House

23  Counsel or the Expert shall bear the burden of proving that the risk of harm that the

24  disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's

25  need to disclose the Protected Material to its Designated House Counsel or Expert.

26      8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

27  <u>LITIGATION</u>

28          If a Party is served with a subpoena or a court order issued in other litigation

1   that compels disclosure of any information or items designated in this action as

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party

3   must:

4         (a)   promptly notify in writing the Designating Party.  Such notification shall

5   include a copy of the subpoena or court order;

6         (b)   promptly notify in writing the party who caused the subpoena or order

7   to issue in the other litigation that some or all of the material covered by the subpoena or

8   order is subject to this Protective Order.  Such notification shall include a copy of this

9   Stipulated Protective Order; and

10         (c)   cooperate with respect to all reasonable procedures sought to be

11   pursued by the Designating Party whose Protected Material may be affected.[1]

12         If the Designating Party timely seeks a protective order, the Party served with

13   the subpoena or court order shall not produce any information designated in this action as

14   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

15   determination by the court from which the subpoena or court order issued, unless the

16   Party has obtained the Designating Party's permission.  The Designating Party shall bear

17   the burden and expense of seeking protection in that court of its confidential material – and

18   nothing in these provisions should be construed as authorizing or encouraging a Receiving

19   Party in this action to disobey a lawful directive from another court.

20   9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

21   LITIGATION

22         (a)   The terms of this Order are applicable to information produced by a

23   Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

25   this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

26   provisions should be construed as prohibiting a Non-Party from seeking additional

27

28

-14-

1   protections.

2           (b)     In the event that a Party is required, by a valid discovery request, to

3   produce a Non-Party's confidential information in its possession, and the Party is subject to

4   an agreement with the Non-Party not to produce the Non-Party's confidential information,

5   then the Party shall:

6                   1.      promptly notify in writing the Requesting Party and the Non-Party

7   that some or all of the information requested is subject to a confidentiality agreement with a

8   Non-Party;

9                   2.      promptly provide the Non-Party with a copy of the Stipulated

10  Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

11  description of the information requested; and

12                  3.      make the information requested available for inspection by the

13  Non-Party.

14          (c)     If the Non-Party fails to object or seek a protective order from this court

15  within 14 days of receiving the notice and accompanying information, the Receiving Party

16  may produce the Non-Party's confidential information responsive to the discovery request.

17  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

18  information in its possession or control that is subject to the confidentiality agreement with

19  the Non-Party before a determination by the court.[2]   Absent a court order to the contrary,

20  the Non-Party shall bear the burden and expense of seeking protection in this court of its

21  Protected Material.

22      10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24  Protected Material to any person or in any circumstance not authorized under this

25  _____

26  [1] The purpose of imposing these duties is to alert the interested parties to the existence of
    this Protective Order and to afford the Designating Party in this case an opportunity to try to
27  protect its confidentiality interests in the court from which the subpoena or order is issued.
    [2] The purpose of this provision is to alert the interested parties to the existence of
28  confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its
    confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

2  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

3  unauthorized copies of the Protected Material, (c) inform the person or persons to whom

4  unauthorized disclosures were made of all the terms of this Order, and (d) request such

5  person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is

6  attached hereto as Exhibit A.

7      11.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

8  <u>MATERIALS</u>

9        When a Producing Party gives notice to Receiving Parties that certain inadvertently

10  produced material is subject to a claim of privilege or other protection, the obligations of the

11  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

12  provision is not intended to modify whatever procedure may be established in an e-

13  discovery order that provides for production without prior privilege review.  Pursuant to

14  Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

15  effect of disclosure of a communication or information covered by the attorney-client

16  privilege or work product protection, the parties may incorporate their agreement in the

17  stipulated protective order submitted to the court.

18      12.  <u>MISCELLANEOUS</u>

19        12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

20  person to seek its modification by the court in the future.

21        12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

22  Protective Order no Party waives any right it otherwise would have to object to disclosing or

23  producing any information or item on any ground not addressed in this Stipulated Protective

24  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any

25  of the material covered by this Protective Order.

26        12.3    <u>Filing Protected Material</u>.  Without written permission from the

27  Designating Party or a court order secured after appropriate notice to all interested persons,

28  a Party may not file in the public record in this action any Protected Material.  A Party that

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

2   Protected Material may only be filed under seal pursuant to a court order authorizing the

3   sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a

4   sealing order will issue only upon a request establishing that the Protected Material at issue

5   is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

6   If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

7   Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material

8   in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the

9   court.

10      13.  <u>FINAL DISPOSITION</u>

11          Within 60 days after the final disposition of this action, as defined in paragraph 4,

12   each Receiving Party must return all Protected Material to the Producing Party or destroy

13   such material.  As used in this subdivision, "all Protected Material" includes all copies,

14   abstracts, compilations, summaries, and any other format reproducing or capturing any of

15   the Protected Material.  Whether the Protected Material is returned or destroyed, the

16   Receiving Party must submit a written certification to the Producing Party (and, if not the

17   same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

18   (by category, where appropriate) all the Protected Material that was returned or destroyed

19   and (2) affirms that the Receiving Party has not retained any copies, abstracts,

20   compilations, summaries or other format reproducing or capturing any of the Protected

21   Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of

22   all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda,

23   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

24   consultation and expert work product, even if such materials contain Protected Material.

25   //

26

27

28

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   Any such archival copies that contain or constitute Protected Material remain subject to this

2   Protective Order as set forth in Section 4 (DURATION).

3

4   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6   DATED: __10 - 20 - 10__

7                                       SHEILA DEEN
                                        Attorneys for Plaintiff/Counterdefendant

8

9   DATED: __10 - 18 - 10__

10                                      CHARLES MANUEL, JR.
                                        Attorneys for Defendant/Counterclaimant

11

12  DATED: __10 - 20 - 10__

13                                      RICHARD B. VAUGHT
                                        Attorneys for Defendant/Counterclaimant

14

15          **AS MODIFIED BY THE COURT,**
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
                        ^
16

17  DATED: _____October 25, 2010_____

18                                      Hon. ~~Ronald M. Whyte~~ Howard R. Lloyd
                                        United States ~~District~~ Judge
19                                              Magistrate

20

21

22

23

24

25

26

27

28

                                    -18-
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of _____

4 _____ [print or type full address], declare under penalty of

5 perjury that I have read in its entirety and understand the Stipulated Protective Order that

6 was issued by the United States District Court for the Northern District of California on _

7 _____[date] in the case of *SILICON LABS INTEGRATION, INC., a California*

8 *corporation (formerly known as Integration Associates Incorporated) v. SHMUEL*

9 *MELMAN, an individual, and related Counterclaim*, Case No. C-08-04030-RMW. I agree

10 to comply with and to be bound by all the terms of this Stipulated Protective Order and I

11 understand and acknowledge that failure to so comply could expose me to sanctions and

12 punishment in the nature of contempt. I solemnly promise that I will not disclose in any

13 manner any information or item that is subject to this Stipulated Protective Order to any

14 person or entity except in strict compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court for the

16 Northern District of California for the purpose of enforcing the terms of this Stipulated

17 Protective Order, even if such enforcement proceedings occur after termination of this

18 action.

19      I hereby appoint _____ [print or type full name] of _____

20 _____ [print or type full address and telephone number] as my

21 California agent for service of process in connection with this action or any proceedings

22 related to enforcement of this Stipulated Protective Order.

23

24 Date: _____

25 City and State where sworn and signed: _____

26 Printed Name: _____
               [printed name]

27 Signature: _____
28             [signature]

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS