*E-FILED 10-25-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON LABS INTEGRATION, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SHMUEL MELMAN,<br><br>    Defendant.<br>_____ / | No. C08-04030 RMW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND FOR PROTECTIVE ORDER**<br><br>[Re: Docket No. 117] |

    Silicon Labs, Inc. acquired Integration Associates, Inc. (IA). Following the acquisition, IA became known as Silicon Labs Integration, Inc. (Silicon Labs), the plaintiff in this action. The crux of the instant lawsuit concerns defendant Shmuel Melman's claim that he is entitled to compensation for efforts made in connection with that acquisition. Plaintiff disputes Melman's claim to any commission or compensation. Plaintiff further contends that, after defendant's demands for compensation were denied, Melman retaliated by interfering with Silicon Labs' relationship with its customers. Silicon Labs seeks declaratory relief and also asserts a claim for intentional interference with prospective economic advantage. Melman counterclaims for, among other things, breach of contract.

1    Plaintiff moves for an order compelling defendant to appear for his deposition in
2 California for 2.5 days.[1] Melman opposes the motion.[2] The matter is deemed appropriate for
3 determination without oral argument. CIV. L.R. 7-1(b). Upon consideration of the moving and
4 responding papers, this court grants the motion in part and denies it in part.
5    Pursuant to Fed. R. Civ. P. 30, plaintiff served a notice for defendant's deposition to
6 take place in San Jose, California. In his opposition papers, Melman, who lives in Israel, says
7 that he is willing to be deposed here subject to certain conditions—namely, (1) that his
8 appearance here will not be deemed a waiver of his *forum non conveniens* and jurisdictional
9 arguments with respect to his fee claims and (2) Melman may concurrently take the deposition
10 of plaintiff's witness, Rafi Fried, as previously agreed between counsel. "A district court has
11 wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d
12 1162, 1166 (9th Cir. 1994). The record presented indicates that Melman previously agreed to
13 be deposed here. (*See* Deen Decl. ¶¶ 7, 13 and Ex. A). This court declines to tether Melman's
14 appearance for deposition to the conditions he now proposes. Plaintiff's motion as to this issue
15 is granted.
16    As for the duration of Melman's deposition, "[u]nless otherwise stipulated or ordered by
17 the court, a deposition is limited to 1 day of 7 hours." FED. R. CIV. P. 30(d)(1). Nevertheless,
18 "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly
19 examine the deponent or if the deponent, another person, or any other circumstance impedes or
20 delays the examination." *Id*. This court finds plaintiff's assertions as to the complexity of this
21 case to be somewhat exaggerated. However, in view of Melman's need for a translator,
22 plaintiff will have up to 11 hours to depose defendant.
23    In view of the October 25, 2010 court-ordered fact discovery cutoff, the parties shall
24 proceed with defendant's deposition forthwith so that remaining deadlines in the case schedule

---

[1] Silicon Labs also moved for entry of a protective order. This court having entered, with some modification, the parties' stipulated protective order, that portion of Silicon Labs' motion is deemed moot.

[2] Defendant's opposition brief was not timely filed pursuant to Civ. L.R. 7-3(a). This court has accepted and considered the belated filing. However, it does not condone the failure to comply with the court's rules and warns defendant against future noncompliance.

2

are not compromised. To the extent the parties believe that an extension is necessary, however, they may find themselves needing to seek appropriate relief from Judge Whyte.

SO ORDERED.

Dated:   October 25, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:08-cv-04030-RMW Notice has been electronically mailed to:

2  Helen Scharf Rakove    hsr@hogefenton.com

3  Richard Brent Vaught    RVAUGHT1@SBCGLOBAL.NET

4  Shella Deen    sd@hogefenton.com, clw@hogefenton.com, sam@hogefenton.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4