***E-FILED 11-03-2010***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON LABS INTEGRATION, INC., | No. C08-04030 RMW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| SHMUEL MELMAN, | [Re: Docket No. 112] |
| Defendant. | |

Silicon Labs, Inc. acquired Integration Associates, Inc. (IA). Following the acquisition, IA became known as Silicon Labs Integration, Inc. (Silicon Labs), the plaintiff in this action. The crux of the instant lawsuit concerns defendant Shmuel Melman's claim that he is entitled to compensation for efforts made in connection with that acquisition. Plaintiff disputes Melman's claim to any commission or compensation. Plaintiff further contends that, after defendant's demands for compensation were denied, Melman retaliated by interfering with Silicon Labs' relationship with its customers. Silicon Labs seeks declaratory relief and also asserts a claim for intentional interference with prospective economic advantage. Melman counterclaims for, among other things, breach of contract.

Plaintiff now moves for an order compelling defendant to produce documents. Melman opposes the motion,[1] but did not appear at the hearing.[2] Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

A.   Specific Document Requests

Plaintiff moves to compel the production of documents responsive to Request Nos. 3, 5, 7-11, 13, 16, 20, 24, 27-28, 30,[3] 32, 34-37, 41-46, 48, 68-70, 85, 94 and 110. Although defendant does not address each request specifically, he says that all non-privileged responsive documents have been produced, save for any presently unrecalled or stray documents that may be found.

Relatedly, plaintiff contends that defendant has waived all objections to its third set of requests for production because defendant's response was untimely. The failure to timely respond to a discovery request constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992). Defendant does not dispute that his responses were not timely served. However, he represents to the court that he has not withheld any documents on the basis of objections asserted in response to this set of document requests.

Plaintiff maintains that, although Melman has repeatedly promised to produce responsive documents, no such documents have been produced.

---

[1] Defendant's opposition brief was not timely filed pursuant to Civ. L.R. 7-3(a). This court has accepted and considered the belated filing. However, it does not condone the failure to comply with the court's rules and warns defendant against future noncompliance.

[2] Just prior to the time set for the hearing, defense counsel contacted this court's chambers to request leave to appear by telephone. No formal request for telephonic appearance had been filed, and counsel acknowledged that no arrangements with CourtCall had been made. Given the very last-minute nature of the request, this court could not accommodate a telephonic appearance. Counsel is advised that, in the future, requests to appear by phone must be filed in writing, at least one week in advance of the noticed hearing.

[3] At the motion hearing, plaintiff advised that its motion papers erroneously indicated that Request 29 was at issue, when plaintiff intended to move to compel as to Request 30.

2

1    Plaintiff's motion as to Request No. 8, which seeks all exhibits defendant intends to
2 offer at trial, is denied as premature.

3    With respect to Request 85, which seeks documents evidencing Melman's
4 communications with Dr. Rafael Fried between January 1, 2007 and October 31, 2008, plaintiff
5 moves to compel production of the original phone records underlying defendant's produced
6 schedule of calls.  Melman agrees to produce the original records, and plaintiff agrees that
7 Melman may redact information pertaining to irrelevant phone calls.  Accordingly, plaintiff's
8 motion as to this request is granted as follows:   Melman shall produce the original phone
9 records evidencing his communications with Dr. Fried for the period specified in the request.
10 Melman may redact information having no bearing whatsoever on the issues in this lawsuit.
11 Melman's production shall be completed by **November 10, 2010**.

12    As for the other requests at issue, plaintiff's motion is granted as follows:   To the extent
13 he has not already done so, defendant shall produce all non-privileged responsive documents by
14 **November 10, 2010**.

15 B.    Documents in Native Format with Metadata

16    Plaintiff argues that Melman must produce electronic documents—namely, emails—in
17 native format, with metadata intact.  Silicon Labs says that, although prior defense counsel
18 agreed to produce emails in native format, current defense counsel now claims that documents
19 are no longer available in native format.  Melman says that he previously produced documents
20 in Tagged Image File Format (TIFF), which he says should be sufficient for plaintiff's
21 purposes.  He further argues that the production of any metadata is both unnecessary and unduly
22 burdensome.  Plaintiff represents to this court that defendant's documents have been produced
23 in PDF format, not TIFF.

24    Absent agreement by the parties or a court order as to the form of production, a party
25 must produce electronically stored information either in a form in which the data ordinarily is
26 maintained or in a form that is reasonably usable.  FED. R. CIV. P. 34(b)(2)(E).  Nothing in Fed.
27 R. Civ. P. 34 requires the production of metadata *per se*.  And, the court must limit the extent or
28 frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or

3

1 duplicative or can be obtained from a source that is more convenient, less burdensome or less
2 expensive, or (b) the burden or expense of the discovery sought outweighs its likely benefit,
3 considering the needs of the case, the amount in controversy, the parties' resources, the
4 importance of the issues at stake, and the importance of the discovery in resolving those issues.
5 FED. R. CIV. P. 26(b)(2)(C)(i), (iii).

Here, plaintiff says that it needs to examine whether defendant's original emails were altered in production, pointing out that the text of emails produced by defendant appears to have been modified from the original. Plaintiff further asserts that the production it seeks could be accomplished simply by saving defendant's emails (which presumably are on his computer) to a CD. Although defendant argues that production of his emails in native format would be unduly burdensome and expensive, he has not substantiated his assertions with any declarations. Accordingly, plaintiff's motion as to this issue is granted. Defendant shall produce his emails in native format, with metadata intact, by **November 10, 2010**.

C.   Attorney-Client Privilege

Plaintiff moves to compel the production of two emails which defendant claims are protected by the attorney-client privilege. One of the emails in question (Document No. 00389-00390) was sent by Monique Bennoun (identified on the privilege log as defendant's assistant) on Melman's behalf to his Israeli counsel, Norman Menachem Feder. The other email (Document No. 00402-00403) was sent by an unidentified person named Avram Silver, on Melman's behalf, to Feder. (*See* Deen Decl., Ex. H (Defendant's Privilege Log)). Plaintiff contends that disclosure of the communications to defendant's assistant and to Silver waived the privilege. Additionally, plaintiff contends that the privilege as to these documents have been waived because Feder submitted a declaration in this matter in support of Melman's prior motion to dismiss (*see* Docket No. 19).

No waiver resulted from the submission of the Feder declaration. In that declaration, Feder opines as to certain principles of Israeli law. However, nowhere in that declaration is the substance of any confidential client communication disclosed.

4

1    With respect to the email sent by Bennoun, plaintiff's motion is denied. A client may use an agent for communicating with his attorney without waiving the privilege. *See* CAL. EVID. CODE § 951 (defining "client" as "a person who, directly or through an authorized representative, consults a lawyer for the purpose of retaining the lawyer or securing legal advice from him in his professional capacity"). *See also* CAL. EVID. CODE § 952 (defining "confidential communication between client and lawyer" as "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted").

Nevertheless, plaintiff's motion is granted as to the email sent by Avram Silver (Document No. 00402-00403). Melman has not identified who Silver is, and consequently, he has failed to meet his burden in establishing that the attorney-client privilege applies. Melman shall produce this document no later than **November 10, 2010**.

D.   Plaintiff's Request for Sanctions

Plaintiff's request for sanctions, made in passing, is denied. No separate motion for sanctions was filed. And, in any event, on the record presented, this court does not find that sanctions are warranted.

E.   Plaintiff's Request to Extend the Discovery Cutoff

To the extent the parties believe that an extension is necessary, they may find themselves needing to seek appropriate relief from Judge Whyte.

SO ORDERED.

Dated:   November 3, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

5:08-cv-04030-RMW Notice has been electronically mailed to:

Helen Scharf Rakove   hsr@hogefenton.com

Richard Brent Vaught   RVAUGHT1@SBCGLOBAL.NET

Shella Deen   sd@hogefenton.com, clw@hogefenton.com, sam@hogefenton.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.